UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEV N. SITKOVETSKIY AND LYUDMILA BUDENNAYA, Plaintiffs, | : | |
| v. | : | CIVIL ACTION NO. 3-06-cv-01893 (JCH) |
| HOUSING AUTHORITY OF THE CITY OF NEW LONDON AND U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT Defendants. | : | MARCH 22, 2007 |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 11)**

Pro se plaintiffs Lev N. Sitkovetskiy and Lyudmila Budennaya bring this suit against the defendants, the City of New London Housing Authority ("NLHA") and the Hartford Field Office of the United States Department of Housing and Urban Development ("HUD"), alleging that the defendants discriminated against them during the selection process for the Section 8 Program's waiting list. HUD has moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, HUD's motion (Doc. No. 11) is granted.

## I. BACKGROUND

On August 24, 2004, NLHA opened a Section 8 program in New London. On that day, Sitkovetskiy submitted a pre-application for Section 8 housing with the NLHA. On March 9, 2005, Sitkovetskiy received a letter from the NLHA indicating that it had conducted a lottery in order to compose a waiting list for Section 8 applicants. Sitkovetskiy was number 1061 on the Section 8 waiting list. As such, his anticipated waiting time on the list will be anywhere from twenty-four to forty-eight months.

On March 8, 2006, Sitkovetskiy received a letter from the NLHA informing him that the Section 8 waiting list had been purged and updated. Sitkovetskiy's current number on the waiting list is 123. Due to his extended presence on the waiting list, Sitkovetskiy contacted the NLHA and HUD to ask about the number of vouchers the NLHA granted to applicants from 2004 through 2006. Neither defendant responded to Sitkovetskiy's inquiry, and a representative from NLHA informed Sitkovetskiy that the information he sought was privileged.

At some point in time, Sitkovetskiy filed a formal grievance with the NLHA to protest that agency's discrimination against him via his placement on the waiting list. On March 17, 2006, Sitkovetskiy contacted the NLHA about his grievance hearing. NLHA sent Sitkovetskiy two letters requesting postponements of the hearing. In August 2006, NLHA outsourced the administration of the Section 8 voucher program to a private business organization.

In his Complaint, Sitkovetskiy alleges that, in placing him on the Section 8 waiting list, NLHA violated Section 982.206(c) of the Code of Federal Regulations ("CFR") by disregarding, *inter alia,* Sitkovetskiy's age, extremely low income, and vigilance in applying for Section 8 housing on the first possible day. Sitkovetskiy also alleges that the NLHA did not follow the admissions preferences expressed in the NLHA's Administrative Plan in assigning Section 8 applicants to the waiting list, thereby violating Section 982.207(a)(1) of the CFR.

## II. DISCUSSION

The basis for HUD's motion to dismiss pursuant to Rule 12(b)(1) is that

Sitkovetskiy's Complaint does not contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." F.R.C.P. Rule 8(a)(1). Such a statement is required "unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it." Id. According to HUD, Sitkovetskiy has failed to meet Rule 8(a)(1)'s pleading requirements because he has not alleged a proper waiver of sovereign immunity that would allow this court to exercise subject matter jurisdiction over the claims against HUD. In his Response, Sitkovetskiy essentially argues that doctrine of sovereign immunity does not apply where HUD has authorized legal violations by NLHA.

It is axiomatic that "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature, and the terms of the government's "consent to be sued in any court define [the] court's jurisdiction to entertain the suit." Markarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)) (quotations omitted).

Here, Sitkovetskiy has not identified any basis upon which the court could conclude that HUD has waived sovereign immunity. There are situations where a plaintiff may claim that the Secretary of HUD has consented to be sued. See 42 U.S.C. § 1404a (HUD Secretary may be sued concerning functions under the Housing Act of 1937); 12 U.S.C. § 1702 (HUD Secretary may be sued concerning functions under the National Housing Act of 1934); see also Selden Apts. v. United States Dept. of Housing and Urban Dev., 785 F.2d 152, 157 (6th Cir. 1986) ("Civil rights actions against HUD seeking declaratory relief or injunctions generally have been brought without analysis §

1702 or sovereign immunity.”). However, it is not apparent to the court that any of these circumstances are present in this case. The court therefore grants HUD’s Motion to Dismiss (Doc. No. 11).

## III. CONCLUSION

For the foregoing reasons, HUD’s Motion to Dismiss (Doc. No. 11) is GRANTED. The plaintiffs are given permission to file, within 30 days of this Ruling, a motion to amended the Complaint that sets forth a short and plain statement of their claims against HUD, the basis for them, and the basis for jurisdiction over such claim(s).

The Housing Authority of the City of New London has yet to file an appearance in this case. However, there is no evidence in the docket that the plaintiffs have properly served the Housing Authority. The plaintiffs have 21 days from the date of this Ruling to file their proof of service for the Housing Authority, or the court will dismiss this action for lack of prosecution. If the plaintiffs have properly served the Housing Authority, they should file, along with their proof of service, a motion for a default against the Housing Authority.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 22nd day of March, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge